NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO ALERS, JR., PRO SE; HAZEL ALERS, PRO SE, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, <br><br> Defendant-Appellee. | No. 21-55325 <br><br> D.C. No. 2:20-cv-08934-FLA-AGR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted December 8, 2021**
Pasadena, California

Before: KELLY,*** M. SMITH, and FORREST, Circuit Judges

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Plaintiffs appeal from the district court's order confirming an arbitration award and dismissing their complaint with prejudice. We affirm for substantially the same reasons given by the district court, which concluded that the arbitration award was an enforceable final judgment with respect to plaintiffs' claims and that plaintiffs had failed to show fraud, corruption, or any other factor rendering the award unsound pursuant to 9 U.S.C. § 10(a). We also agree that plaintiffs may not challenge the arbitration agreement itself because they initiated the arbitration proceedings and indicated misgivings about the agreement only after the arbitrator began ruling against them. *See ECC Cap. Corp. v. Manatt, Phelps & Phillips, LLP*, 215 Cal. Rptr. 3d 492, 509 (Cal. Ct. App. 2017); *Reed v. Mut. Serv. Corp.*, 131 Cal. Rptr. 2d 524, 534 (Cal. Ct. App. 2003), *abrogated on other grounds by Haworth v. Superior Ct.*, 235 P.3d 152, 158-59 & n.6 (Cal. 2010).

Plaintiffs raise several new arguments on appeal, but we do not consider them because they were not properly raised in the district court. *See Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014).

**AFFIRMED.**